# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WESTERN PENNSYLVANIA
# CONCILIATION CONFERENCE MINUTES

## Conciliation Conference:

**Debtor:** JAMES L & MICHELLE E MASETH
**Case Number:** 20-20230-CMB    **Chapter:** 13
**Date / Time / Room:** THURSDAY, AUGUST 13, 2020 01:00 PM   3251 US STEEL
**Hearing Officer:** CHAPTER 13 TRUSTEE

## Matter:

#15 - Final Confirmation of Plan Dated 2/17/2020 (NFC)
R / M #: 15 / 0

## Appearances:

*Foster*

Debtor:
Trustee: Winnecour / Pail / **Katz** / DeSimone

Creditor:

## Proceedings:

Outcome:

1. _____ Case Converted to Chapter 7
2. _____ Case Converted to Chapter 11
3. _____ Case Dismissed without Prejudice
4. _____ Case Dismissed with Prejudice
5. _____ Debtor is to inform Court within _____ days their preference to Convert or Dismiss
6. _____ The plan payment/term is increased/extended to _____, effective _____.
7. _____ Plan/Motion continued to _____ at _____.
8. _____ An Amended Plan is to be served on all creditors and certificate of service filed by _____.
   Objections are due on or before _____.
   A hearing on the Amended Plan is set for _____ at _____.
9. _____ Contested Hearing: _____ at _____.
10. _____ Other:

FILED
8/17/20 3:22 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**CONFIRMATION ORDER TO BE ENTERED**

8/5/2020    1:05:15PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WESTERN PENNSYLVANIA
## PROPOSED CONFIRMATION ORDER

**_Conciliation Conference:_**

| | |
|---:|:---|
| Debtor: | JAMES L & MICHELLE E MASETH |
| Case Number: | 20-20230-CMB    Chapter: 13 |
| Date / Time / Room: | THURSDAY, AUGUST 13, 2020 01:00 PM    3251 US STEEL |
| Chapter 13 Plan Dated: | 2/17/20 |
| Next Hearing Date and Time: | |

*The Parties, including the Debtor(s) and the Attorney for the Debtor(s), if any, hereby agree as follows:*

☐ (1) No Changes to standard confirmation order.

(2) Changes to the standard Confirmation Order as indicated

☒ A. For the remainder of the Plan Term, the Plan payment is amended to be $ __1419__ as of __8/20__. Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. 506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. 507, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. _____ shall be paid monthly payments of $ _____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the _fifth_ distribution level.

☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim:
PNC (CL#19)   IRS (CL#9)   Pa Rev (CL#7)

☒ H. Additional Terms:

☐ Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

☐ Motion to Amend/Modify Plan resolved and all Objections to Plan withdrawn upon entry of Confirmation Order.

(1) The secured claim(s) of the following creditors shall govern as to claim amount, to be paid at the modified plan interest in a monthly amount to be determined by Trustee to pay in full:
One Main Financial (CL#3)

(2) IRS provision in part 4.4 is stricken as duplicative